This time we'll hear Massaro versus the Board of Education. Good morning. Good morning. May it please the court. My name is Natalia Capitonova, and I represent the appellant, Yvonne Massaro, in this case. Today, appellant asked this court to reverse the lower court's decision simply because there was a causal connection between appellant's protected activity, which ended in October of 2014, and the retaliatory acts that followed, which were continuous until her termination in June 2016. As you can see, this case was brought. It was decided on May 2013. Then there was an appeal that was decided on October 2014, and that's when the protected activity ended. That takes us to the school year of 2014-2015, in which appellant placed a series of events that are more than petty and slight inconveniences. For example, she was given an illegal schedule in which she had to teach four consecutive classes without going to the bathroom. She had five minutes in between those classes. There was a bathroom in the same floor with only two stalls that 200 teachers and 100 paraprofessionals had to share. If she dared to go to the bathroom and she was a little bit late, she would be written out because those students would be there unattended. In addition to that, she was moved from one room to another between the third and fourth periods. She had to carry all her equipment. Do you recognize that this is the third litigation over these disputes? Yes, Your Honor, but it's not about the same claims. How does that happen? Because this was unemployment. She was, you know. Yes, Your Honor, if I may explain. You can't parcel these things out and keep litigation going forever. I understand, Your Honor, but right now I'm arguing the retaliation that has nothing to do with Massaro I. Massaro I, which I referred in my brief as . . . Is the retaliation claim for bringing suit in Massaro I and Massaro II? It's the retaliation for her protective activity, which was previously complaining of discrimination. However, the facts of retaliation happened after that case was done. I'm not arguing anything that was mentioned in Massaro I that were claims, for example, that she complained of rodents in the class or things like that that happened in 2011. I'm not arguing anything like that. Are you still arguing an age claim, apart from retaliation and age discrimination claim? Well, yes, I am, Your Honor. My position, I understand the position that she didn't check the box of age discrimination. However, the court has held that if it's within the purview of the EEOC and it will be reasonably related, those claims . . . Let me look at what else she said, and I looked at the administrative complaint. She doesn't really say anything about age. It's all retaliation, though, isn't it? No, Your Honor. She does say that she was retaliated for bringing the previous case, and the previous case does allege age discrimination. I'll find . . . She's real . . . Judge Jacobs was pointing out that she's very familiar with litigation. She's had two prior actions. Why wouldn't she check off the box in her EEOC complaint? That was a clerical mistake, Your Honor, and that's all I can say about that. However, despite the clerical mistake, there's an addendum to that EEOC charge which explains her claims and explains that it was because of Massaro 1, and in Massaro 1, which is also attached in the appendix, it says that it was for age discrimination, and that's in page A90 in paragraph 118. Also, the Supreme Court has stated if . . . A90, you said? Yes. It's in A90, paragraph 118. I believe that she mentioned that she also claimed age discrimination. So that . . . That's in her second amendment complaint in the district court. That's not in the EEOC charge. Well, in the addendum of the EEOC charge, she said that she was retaliated against because of age discrimination. Where's that? I mean, I'm not saying you didn't raise retaliation. I just don't see an age discrimination claim in the EEOC seven-page complaint that was attached to the EEOC cover sheet that didn't have it checked off. So I was looking through it to see, well, does she say anything other than retaliation? Does she say she was discriminated on the basis of age? I didn't see that, but you tell me it's in there, huh? Well, what I'm saying is it references the previous action that claims age discrimination. So, Your Honor, if your direct question is whether or not she wrote age discrimination, she did not. But she does reference that, which is attached to a complaint that clearly did. However, as I was saying, the retaliation is undeniably . . . In our view, it's retaliatory acts that are more than petty and slighted inconveniences that will deter a reasonable person from complaining. Then they carry over in 2015 and 16, which not only she was given a room extremely packed with students, in which there was not even aisles in between each desk. There was, like, inches in between each desk of study students with highly bad behavioral problems. Her class was not a list class, meaning that the advanced students could not have the choice to take the class. Even if those students wanted to study photography in college, they couldn't take her class because she was prevented from that. What also is very strange is that she was allowed only to use two laptop computers for 30 students when this is a digital media class, so they couldn't even see it. Yet, she saw the principal, the assistant principal, locking two computers from a room that was holding usable computers for three years that she couldn't use. She wasn't given equipment. Obviously, all the other teachers were given that equipment, and I found that shocking because how can you teach a photography class without equipment? With a room overloaded with students, you can't really teach that. She was also denied of teaching any advanced class, and I also want to say that she was injured in the job, and she asked the principal, may I please have the video that shows my line-of-duty injury? He said, well, you'll have to subpoena if you want it. That's clearly retaliatory animus. On top of that, then after she had to retire, she was denied a sublicense because now she has a code, and she can no longer work, and her career is completely done. That's what I want to say. That's very outrageous. Did the district judge rule that your alleged acts of retaliation during the pendency of the suit were barred by res judicata because they should have been brought in the suit? Well, in terms of res judicata, Your Honor, and thank you for mentioning that, it has been heard by the Supreme Court that for res judicata . . . Before you even get to the Supreme Court, did the district court make that ruling? I believe so, Your Honor. However, that ruling, I mean, our position is that it was an error of law because those issues were not adjudicated in Massaro 1. Like I said, everything that I'm saying right now that are retaliatory acts happened after the dismissal of that lawsuit, which ended in October of 2014, so it's impossible that the appellant could have raised those arguments in the first lawsuit of 2011, so it's not barred. Was the res judicata ruling that they should have been brought in Massaro 1, or they should have been brought in this lawsuit? I believe that the ruling was that they should have been brought in the after. In the lawsuit then pending? Yes. She couldn't have brought them because that happens often. I understand, but I just want to get . . . Yes, yes, that is my understanding, Your Honor, yes. Well, because they weren't brought, because they couldn't have been brought because they happened afterwards, obviously there was no adjudication. Allen versus Mike Curry, the Supreme Court has stated if those two factors are not there, this action cannot be barred via res judicata. Thank you. Thank you. Good morning, Your Honors. Julie Steiner, the attorney for the appellees. First with respect to the age discrimination claim, the district court properly dismissed it on the ground that it was not mentioned or discussed or alleged in her EEOC complaint, therefore she did not administratively exhaust an age discrimination claim. Aside from the fact that she did not check off age, if you read through the entire addendum, she only mentions the initial complaints for purposes of explaining why she was retaliated against, but she not once mentions age discrimination. She doesn't even really mention age at all, other than to say how old she was, and so there was absolutely no reason for the EEOC to investigate further into any allegations of age discrimination because it was completely silent as to that in the EEOC complaint, and therefore having failed to administratively exhaust that claim before the agency, it is therefore barred here in the district court and therefore in this court. With respect to her retaliation claim, the plaintiff is claiming that the retaliatory trigger is, or the protected activity trigger is the date of the dismissal of the claim, and that simply cannot be. This court and other courts have clearly articulated that the date of the protected activity is the date of filing the complaint. That's the affirmative act that the plaintiff is undertaking to complain about discrimination. You're saying that's when it starts? And that is the trigger date, yes. Does it end then? And I believe it should end then as well. I believe if we can . . . again, it has to be something affirmative that the plaintiff is undertaking. So we have an entire case, and yes, there will be depositions, but in fact the dismissal of the complaint is nothing that the plaintiff did. So to say that . . . She files the suit on day one. Correct. And if she suffers adverse action, you're saying that's the date that matters? That is the date that absolutely matters, Your Honor. It's what she has done . . . It matters, but is it the only date that matters? I believe it is, Your Honor. So if an employer says, look, we're mad at you because you filed a suit . . . Yes. . . . and we're still mad at you because you're continuing to litigate that matter all year, and we're going to do a lot of bad things to you during that year, isn't that retaliation? It's the retaliation, though, for the initial act of making the complaint. Not everything that . . . then there'll be absolutely . . . it'll be an ongoing situation. You need to draw a line and say what was the reason . . . the plaintiff is alleging discrimination, and how? Because she filed a complaint. The lawsuit, of course, will continue, but it's because you filed the complaint, and that's the date that triggers the retaliatory . . . Why don't all the adverse actions during the pendency of the lawsuit count in this case? Again, it's because it's the initial act. It's what she has done. It's not the discovery that takes . . . it needs to be something that the plaintiff has done herself to complain, and it was the act of filing the complaint. And she did that. And she did that, and that was in December of 2011. So after that, her allegations from August 2013, 14, 15, these are five, eight-month year gaps that simply cannot be . . . when all you have in this case, which is there's no direct evidence of discrimination, no . . . What about her unsatisfactory rating? It was not only six months after she filed the lawsuit? Yes, and the Supreme Court has cited to numerous cases that say even three months for a gap, four months is too large of a gap. The key here is that there's no direct evidence of discrimination. There's also no indirect evidence of discrimination looking at other employees. So if you're only relying on temporal proximity, which is what plaintiff is trying to do here, that temporal proximity must be extremely close. And we have gaps of months and of years. If the rating system is you get rated every May, why wouldn't if she filed in December, in the regular course of the review system, she gets her rating of unsatisfactory in May? Why should that have happened before if it's out of cycle? There was nothing in the record that shows what that cycle is. I don't know what transpired between . . . she could have been monitored excessively. I don't know. There's nothing for us here on this record to say that the only opportunity for her U rating was that period of time. So we don't know what the system was in the school system, the system in that time. So I can't speak to that, Your Honor. I do know, however, that when you look at the December 2011 complaint, things that occurred thereafter . . . and she's alleging numerous things from spring of 2012, June, August of 13, 14, 15, to attenuate, Your Honor, in a situation where there's absolutely no direct evidence of discrimination to allow this to be held to be retaliatory animus. Why wouldn't we think that an employer retaliates not only because you bring a suit, but because you pursue a suit, you continue it, and we're going to let all the other employees around here know, we don't like that. So we're going to retaliate and send a warning. But again, there still needs to be . . . at any point, this court or any body can pick a date and say, that's the date that triggers. Where does it . . . They don't pick the date. They file a suit and they keep it going. Certainly if the suit is ended six months, eight months, a year later, they can't come in four years after that and say, what you did to me yesterday is because of that old lawsuit. But why wouldn't the employer be charged with retaliation for adverse action taken during the lawsuit? I think, Your Honor, a lawsuit will continue. And so everything that an employer does cannot be deemed because you just had a discovery action or because you just filed a motion to dismiss or . . . It has to be a set date and time, Your Honor, and the date is the affirmative act of filing and saying, I'm complaining about discrimination. I understand Your Honor's point. But it can't just be the pendency of the lawsuit. You're litigating against us and we don't like that and we want all the other people around here to know we don't like that. The woman is litigating because she filed the lawsuit. That's the nature of a lawsuit. You're going to litigate. So it's the act of doing the complaint. It's the act of saying you discriminated against. How else is she going to pursue her complaint if not to litigate? I'm not doubting that that counts. I'm wondering if other things count, too. Your Honor, we argue that there's no case law that suggests that it's the entire action, the ongoing act of litigating. It's the filing of the complaint. That's what the case law has at this juncture, Your Honor. So we are relying solely on the December 2011 date to be the date of . . . the retaliatory trigger date, Your Honor. I understand Your Honor's position. In this court, the district court thought it was res judicata that barred the post-filing adverse actions. We did not, Your Honor, address the res judicata argument. We believe because of Missouri 1 having been a motion to dismiss, we highlighted that a motion to dismiss is not on the merits, so we did not believe that we could address that. The district judge thought it was res judicata, right? Correct. Is that error? It is error to the extent that Missouri 1 was done on a motion to dismiss. That cannot be res judicata unless there's federal case law out there that I missed that suggests that a motion to dismiss is on the merits. If the res judicata ruling was an error, then what is your answer to her argument that there were these post-filing retaliatory acts? The temporal proximity argument, Your Honor . . . It's too late. It's still too late, Your Honor. The 2011 allegations are still five to eight months after the filing of her complaint and there are numerous cases that we cite in our brief that suggest that that is too long of a time when you are relying solely on temporal proximity. Does the retaliation claim in this case turn on whether you're right that retaliatory acts taken sometime after filing but during the pendency of a lawsuit are not actionable? Can you repeat your question? Yes. Does your case stand then, since res judicata doesn't bar them, is your claim that the retaliatory acts here, assuming they're serious . . . I correct. But passing that for a moment, if they are serious enough, you're saying they don't count because they're too far in time from the filing of the suit even though they occurred during the pendency of the suit? Correct, Your Honor. And if we thought during the pendency of the suit counted, the only issue would be are they serious enough? Correct, Your Honor. Okay. Thank you, Your Honor. Thank you. I have a quick rebuttal. Okay, Your Honor. Obviously we don't agree that the October 2014 decision will not be protected activity. I just want to give, Your Honor, the citation for the decision because I saw that it's not in the appendix. It's 993 N.Y.S. 2D, 905, First Department, 2014. But I just want to say, let's pretend for the sake of argument, assuming our window that everything opposing counsel said is true, okay, there's still temporal proximity because the EEOC complaint goes back to August 2013. Well, you agree then there has to be temporal proximity? Yes, however. Okay. So I don't see how there can be temporal proximity unless the trigger for measuring the time is the filing of the lawsuit. Because otherwise, if you have two or three meritless lawsuits, such as your client has had, and they're litigated over a period of years, then every grievance is meet for a retaliation claim, the assignment here, the access to the toilet, all of this stuff comes rolling into federal court and it never ends. Correct? Well, Your Honor, she also has another argument in my brief, addressing my brief. Well, am I correct that temporal proximity goes out the window if the entire pendency of the lawsuit is deemed to be a period sufficient for bringing a retaliation claim just because the lawsuit is still pending? In this case, I will say no, Your Honor, because she has . . . I didn't ask you about this case, I'm asking a general question. I'm saying that the limitation on proximity in time goes out the window if the entire pendency of a lawsuit is deemed to be a continuing ongoing trigger for proximity in time. I will say no, Your Honor, because this court has held in the case of Herrera that you have to look at the context in which the claim is made. In that case, two years pass and this court still found retaliation. Two years from the complaint to the retaliatory act. It was two years. Was the suit still pending in that case? I am not sure, Your Honor, right now of this question, but I know two years pass, which reinforces the idea that there is no bright line to show a counsel connection. This is two years we're talking about here. We're talking a matter of months. Your Honors have to see the summer gap. You cannot count that because she's not teaching. If all the acts from the EEOC go back to August 2013 and she actually there are in Appendix A14, A15, and A16, then that is a continuous retaliation, even if we don't count the pendency of the lawsuit. Even if we only go by the EEOC complaint and the days that you go back. So even if you don't want to count the pendency of the lawsuit, she still has a temporal proximity. She alleges that in the 2013-14 years, she was assigned to an extremely cold room. They are extremely cold in the winter, extremely hot in the summer with no AC. Again, her class was not at least class. The best and advanced students could not take her class. Other teachers . . . Was the whole school air-conditioned except for this room? I believe, yes, Your Honor. I believe that she was put in this . . . Is that what's alleged? That the whole school was air-conditioned, but she was assigned to one room that was not air-conditioned? It is alleged, Your Honor, that other teachers by name and age were not assigned to rooms like hers. That is alleged specifically. They were not assigned to what? To rooms that got so cold or so hot. That is alleged in the complaint with the name of the teachers and the age of the teachers, which all of them are younger than appellant who's in her late 60s. Okay. I think we have . . . Unless there are further questions, thank you both. We will reserve decision. In the case of Montanez v. McDean, we are taking that on submission. That's the last case on calendar. Please adjourn the court.